UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 15-53277-pjs

**NORLENA S. BROWN,**  Chapter 13

    Debtor.  Hon. Phillip J. Shefferly
_____/

## MOTION TO BAR FUTURE BANKRUPTCY FILINGS

Daniel M. McDermott, United States Trustee, requests that this Honorable Court to enter Order barring future bankruptcy filings by or on behalf of Debtor, Norlena S. Brown, and in support of this Motion, the United States Trustee alleges as follows:

1. This Motion is filed pursuant to 11 U.S.C. §105, §307 and Bankruptcy Rule 9014, and Local Bankruptcy Rule 9014-1.

2. On September 8, 2015, Norlena S. Brown, (hereafter Debtor), caused to be filed a voluntary Chapter 13 petition in this case (Docket #1).

3. On February 12, 2016 the Debtor filed a Motion to Voluntarily Dismiss her case (Docket #44).

4. On September 8, 2015 the Debtor filed her Bankruptcy Petition Cover Sheet (Docket# 4). That pleading was signed under penalty of perjury by the Debtor. That pleading discloses that, in addition to the present case, the Debtor has filed SEVEN other bankruptcy cases, dating back from 2001 to present as follows:

Case ## 01-57365, 03-59479, 03-71406, 04-68793, 08-68900, 11-48798 (Note: This is a Chapter 7 case where the Debtor obtained a discharge) and another case indicated as filed on November 12, 2012 (Note: the case number for the case filed in November 2012 is missing, but the case number is 12- 65179

5. The Debtor has failed to disclose THREE additional Chapter 13 bankruptcy cases filed as follows: Case ## 08-61733, 08-63577 and 08-64646. Within just the last eight years, including the present case, the Debtor has filed SEVEN bankruptcy cases.

6. Every chapter 13 case identified by the Debtor, including the three undisclosed Chapter 13 cases, was dismissed for various reasons.

7. On September 22, 2015 the Debtor filed her Schedules and Statement of Financial Affairs (SOFA) (Docket# 9), which pleadings were signed under penalty of perjury by the Debtor.

8. On September 13, 2015, the Debtor filed her Chapter 13 Plan with attached Liquidation Analysis (Docket# 13), which was signed under penalty of perjury by the Debtor.

9. The Debtor's 341 Meeting of Creditors was held on October 19, 2015. The Debtor appeared and swore under oath that all the information in her documents filed as part of her bankruptcy case (which included her Bankruptcy Petition Cover Sheet) was true and accurate.

10. Throughout this case, counsel for the U.S. Trustee has requested in writing through the Debtor's counsel that the Debtor provide him with numerous documents and the U.S. Trustee has been provided with a number of the requested documents.

11. However, as of the date of the Debtor's Confirmation Hearing on January 19, 2016, the U.S. Trustee had still not been provided with the following: a. The printout from her employer (GLP) of the "Find Report" showing payments to the Debtor from 8/22/15 to present (which were also to be provided in the future on an on-going basis up the time of Confirmation); b. JP Morgan bank account statements from October 16, 2015 to present (which were also to be provided in the future on an on-going basis up the time of Confirmation); c. the GLP Agent Statements for all payments to the Debtor from October 24, 2015 to present (also to be provided in the future on an on-going basis up the time of Confirmation.

12. The Debtor has also not provided any bank statements from January 1, 2015 through September 15, 2015. The Debtor's counsel has indicated the Debtor had no bank accounts during that time frame. However, that statement needs further explanation and verification, which has not been provided.

13. Based on a review of the Debtor's bank statement and Agent Statements that was provided, approximately $3,323.00 of income received by the

3

15-53277-pjs    Doc 47    Filed 02/16/16    Entered 02/16/16 15:49:31    Page 3 of 13

Debtor between September 11, 2015 and October 9, 2015 is not accounted for, and remains unaccounted for.

14. The Debtor's Petition is false as it fails to disclose the Debtor has used the name Norlena Shawn Brown within the last 8 years.

15. The Debtor's Petition is false as it fails to disclose at the top of page 2, regarding any bankruptcies filed within the last 8 years, any of the Debtor's prior bankruptcy cases and in fact states "None".

16. The Debtor's Petition is also false as it fails to disclose her correct street address.

17. The Debtor's Bankruptcy Petition Cover Sheet is false as pointed out above as it fails to disclose all of her previously filed bankruptcy cases.

18. Upon information and belief, Schedule A may be false/wrong as it fails to disclose another piece of property in Detroit, MI which the Debtor has an interest in with her sister. To the extent the Debtor no longer has an interest in the additional parcel of property in Detroit, MI, that information is not disclosed in her SOFA in questions ##5, 6, 7, 8 or 10 as appropriate.

19. Schedule B is wrong/false as "The NS Brown Group" as identified by the Debtor (Note: the actual name of the entity is The NS Brown Group, Inc.) was dissolved back in July, 2013.

20. Schedule E appears false/wrong as it indicates no creditors holding unsecured priority claims. However, the Internal Revenue Service (IRS) has field a proof of claim listing an unsecured priority claims of over $152,000. Further, the Debtor herself in her 2012 bankruptcy case listed the IRS and State of Michigan as both having unsecured priority claims ($100,000 for the IRS and $25,000 for the State of Michigan).

21. Schedule I appears false/wrong as it fails to list the correct amount of monthly income for the Debtor.

22. Schedule J appears false/wrong as it fails to list the correct amount of monthly net income for the Debtor.

23. Question #1 in the Debtor's SOFA is false/wrong as it fails to list the true amount of gross income for the Debtor 2015 YTD and also fails to list the correct gross income for the Debtor in 2014 and 2013 as the instructions indicate.

24. The Debtor's Federal Tax Return for 2013 on Schedule C indicates $179,286 from gross receipts or sales and her Federal Tax Return for 2014 on Schedule C indicates $122,426 from gross receipts or sales. Large business expenses were taken by the Debtor in 2013 and 2014 leaving her with very small Tentative profit which needs to be looked into further to verify.

25. Information provided by Debtor's counsel in this case confirms the information in the Debtor's SOFA question #15 is false, as she failed to disclose an

address in Canton, MI she was staying at different times with a relative. This is very relevant to this matter for two reasons: First- the vehicle the Debtor owns as disclosed in her Schedule B (a 2006 Dodge Durango) is registered at that address. Second- a 2008 Cadillac CTS is registered in the Debtor's name at that same address. That Cadillac was purchased by the Debtor in June, 2014. Neither that vehicle, nor the secured creditor on the title for that Cadillac is listed in the Debtor's Schedules. Further, the monthly expense for that Cadillac is likewise not listed in her Schedule J.

26. On January 25, 2016, counsel for the U.S. Trustee confronted the Debtor's counsel with the information about the Cadillac and asked for an explanation from the Debtor. No explanation has been provided.

27. Attachment 1 to the Debtor's Plan is false/wrong as it fails to properly disclose the correct market value of her real personal residence and property other than her personal residence.

28. The amount the Debtor proposed to pay through her Plan appears to be less than what she could actually afford to pay as it appears the Debtor has failed to disclose all of her disposable income.

29. Despite knowing this information was false, no amendments were filed regarding the Debtor's Petition, Schedules and/or SOFA, so the information remains false and inaccurate.

6

30. This case, as well as the multiple other Chapter 13 bankruptcy cases filed in the Eastern District of Michigan and elsewhere by the Debtor, is an abuse of the bankruptcy system in that this case, as well as the Prior Chapter 13 cases, was filed fraudulently and not in good faith. The Debtor should be barred from filing additional Chapter 13 or possible Chapter 11 bankruptcy cases.

31. The United States Trustee (UST) is responsible for supervising the administration of bankruptcy cases pursuant to 28 U.S.C. § 586(a)(3). Specifically, 28 U.S.C. § 586(a)(3)(G) authorizes the UST to monitor the progress of cases and to take such actions as the UST deems to be appropriate to prevent undue delay in such progress. The UST may raise, appear and be heard on any issue relating to the UST's responsibilities in a case under the Code. 11 U.S.C. § 307, *In re Revco D.S., Inc.*, 898 F.2d 498(6th Cir. 1990).

32. The failure to accurately and fully disclose, on a bankruptcy petition, previously filed cases is a material omission which impedes the efficient administration of the bankruptcy system and is an abuse of the bankruptcy process. *U.S. v Ellis*, 50 F. 3d 419 (7th Cir. 1995).

33. Pursuant to 11 U.S.C. §§ 109(h) and 521(a) and (b), an individual must file with the Court a number of documents including a credit counseling certificate, schedule of assets and liabilities, schedule of current income and expenditures, a statement of the debtor's financial affairs, an itemized statement of

the amount of net monthly income and a statement of intention with regard to the retention or surrender of property.

34.     Upon information and belief, and based on the PACER dockets from the previous cases and present Chapter 13 case filed by the Debtor, she had no intention of going forward with any of her proposed Chapter 13 Plans. The failure to either get prior Plans confirmed or to properly continue with a case post-confirmation in order to obtain a discharge, shows a lack of good faith in her filings.

35.     The Debtor's serial filing has allowed her to be in a state of bankruptcy for numerous years, with no end in sight and no apparent attempt to get out.

36.     The failure of the Debtor to file documents in her bankruptcy cases with truthful and accurate information and apparent lack of intent to make payments into her Plans and ultimately to creditors, has impaired the ability of the Court, the UST, the Chapter 13 Trustees and parties in interest to effectively review the cases under 28 U.S.C. § 586 (a) and 11 U.S.C. §521 which also disrupts the efficient administration of the bankruptcy system and is an abuse of the bankruptcy process.

37.     Under the totality of the circumstances, Debtor's abusive filings of Chapter 13 bankruptcy petitions, constitute bad faith, are contumacious, an abuse

of process which has been ongoing and directly and indirectly attempts to circumvent the bankruptcy process. *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999); *In re Love*, 957 F. 2d 1350 (7th Cir. 1992); *In re Moses*, 171 B.R. 789 (Bankr. E.D. Mich. 1994).

38. A bankruptcy court may enjoin a Debtor from filing a petition for periods exceeding 180 days if the Debtor is a serial filer and commences the cases in bad faith. *In re Casse*, 198 F. 3d 327 (2nd Cir. 1999); *In re Tomlin*, 105 F. 3d 933 (4th Cir. 1997).

39. There is no question this Debtor is a serial filer based her filing SEVEN bankruptcy cases within the last approximately eight years, including THREE filed within the last four years.

40. Further, based on a review of her prior cases and false/wrong information in her present case and failure to cooperate with the U.S. Trustee, she has commenced her cases in bad faith, with no intent of ever completing a Plan.

41. Under 11 U.S.C. §105, the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**WHEREFORE,** the United States Trustee prays this Court order the Clerk of the Court, pursuant to the Courts authority under 11 U.S.C. §105 and otherwise,

to refuse any filing in the name of the Debtor (Norlena S. Brown), of a Chapter 13 or Chapter 11 bankruptcy for a period of three (3) years.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By  /s/ Richard A. Roble
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-6769
Richard A.Roble@usdoj.gov
[P51429]

Date:  February 16, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 15-53277-pjs

**NORLENA S. BROWN,**                               Chapter 13

    Debtor.                                  Hon. Phillip J. Shefferly
_____/


### ORDER BARRING FUTURE BANKRUPTCY FILINGS

**THIS MATTER** came before the Court upon the Motion of the United States Trustee requesting that the Court bar future bankruptcy filings of the Debtor, Norlena S. Brown.

The Court, having considered the pleadings filed herein, and being otherwise duly advised:

**IT IS ORDERED** that Norlena S. Brown, in her name and in all variations thereof, whether filed by her personally or by any other person on her behalf, is barred singularly and jointly for a period of three (3) years from filing a bankruptcy under Chapter 13 or Chapter 11 of the U.S. Bankruptcy Code from the date of the entry of this order.

**IT IS FURTHER ORDERED** that Norlena S. Brown shall be sanctioned as appropriate in the amount of $1,000.00 if she, or anyone on her behalf, files a bankruptcy petition singularly or jointly in the name of Norlena S. Brown and in all variations thereof during the three (3) year bar period as set forth above.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                 Case No. 15-53277-pjs

**NORLENA S. BROWN,**                 Chapter 13

        Debtor.                               Hon. Phillip J. Shefferly
_____/

## NOTICE OF MOTION TO BAR REFILING

       The United States Trustee has filed papers with the court for an Order to bar the refiling of bankruptcy cases by Norlena S. Brown or anyone on her behalf.

       **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

       If you do not want the court to grant the relief requested, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

       1.        File with the court a written response or an answer, explaining your position at:[1]

                                          U.S. Bankruptcy Court
                              211 West Fort Street, Suite 1700
                                       Detroit, MI 48226

       If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

       You must also mail a copy to:        Richard A. Roble, Esq.
                                                          Office of the United States Trustee
                                                          211 West Fort Street, Suite 700
                                                          Detroit, MI 48226

       2.        If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

       If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                              **DANIEL M. McDERMOTT**
                                                              **UNITED STATES TRUSTEE**
                                                              Region 9


                                          By       /s/ Richard A. Roble
                                                              Trial Attorney
                                                              Office of the U.S. Trustee
                                                              211 West Fort St - Suite 700
                                                              Detroit, Michigan 48226
                                                              (313) 226-6769
                                                              Richard A.Roble@usdoj.gov
                                                             [P51429]

Date:   February 16, 2016

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 15-53277-pjs

**NORLENA S. BROWN,**                      Chapter 13

         Debtor.                                 Hon. Phillip J. Shefferly
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, I served copies as follows:

1.     Documents Served:            *Motion to Bar Future Bankruptcy Filings, Notice of Motion* and *Certificate of Service.*

2.     Served Upon:                   Norlena S. Brown
                                                          9531 Artisan
                                                          Detroit MI 48228

3.     Method of Service:              First Class Mail

                                                          **DANIEL M. McDERMOTT**
                                                          **UNITED STATES TRUSTEE**
                                                          Region 9

                              By:     /s/ Karen Riggs
                                                    Paralegal Specialist
                                                    Office of the U.S. Trustee
                                                    211 West Fort Street - Suite 700
                                                    Detroit, Michigan 48226
                                                    313.226.7259
                                                    Karen.Riggs@usdoj.gov

Dated: February 16, 2016